UNITED STATES DISTRICT COURT

District of New Jersey

| | |
|---|---|
| Chambers of<br>William H. Walls<br>Senior District Judge<br>_____<br><br>(973) 645-2564<br>(973) 645-3436 Fax | Martin Luther King Jr.<br>Federal Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102 |

October 20, 2009

Robert S. Underhill
Greenbaum, Rowe, Smith & Davis LLP
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095

Bong June Kim
Kim & Bae, P.C.
2160 N. Central Road, Suite 303
Fort Lee, NJ 07024

Seoung Y. Lim
Law Offices of Henry L. Kim, P.C.
460 Bergen Blvd.
Suite 201
Palisades Park, NJ 07650

Robert Y. Lee
49 Frederick Street
Little Ferry, NJ 07643
Pro Se

Justin Park
205 Jersey Ave. #4
Cliffside Park, NJ 07010
Pro Se

1

Daniel Moon
95 High Street #1
Milford, CT 06460
Pro Se

Re:     Kyungsun Yu, Joon Sun Lee, And Youngsuh Cho v. 2100 North Central, LLC, et al., Civ. No. 09-1853

Dear Counsel:

The Court has reviewed the petition by 111 Debt Acquisition, LLC ("111 Debt") to intervene for the purpose of proceeding with an Order to Show Cause why the Notice of Lis Pendens should not be discharged in the matter between plaintiffs, Joon Sun Lee and Youngsuh Cho ("Plaintiffs"), and defendants, 2100 North Central, LLC, 2100 North Central Road, LLC, Lumen Architectural Engineering, PC, Robert Y. Lee, Jihn U. Rhi, Justin Park, Daniel Moon, Lumen Company, Lumen Development Corporation, Lumen Construction Corporation, Lumen Properties LLC, Lumen Capital Management LLC, Lumen Realty LLC, and John Does 1 through 50 (collectively, "Defendants"). The Court has also reviewed Plaintiffs' opposition letter and documents.

Pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, the Court grants 111 Debt's petition to intervene for the purpose of proceeding with the Order to Show Cause why the Notice of Lis Pendens should not be discharged.

BACKGROUND

This suit arises from a dispute about investments that Plaintiffs made in a property located at 2100 North Central Road, Fort Lee, New Jersey (the "Property" or the "Subject Property"). Plaintiffs allege that the investments were made based on false or misleading representations by Defendants.

On April 20, 2009, Plaintiffs brought an action in this Court to recover damages

2

and obtain equitable and injunctive relief based on the alleged unlawful actions and omissions by Defendants. (Pl.'s First Am. Compl. First ¶ 2.) Plaintiffs allege that they relied on Defendants' false representations when they invested in North Central. (Id. at ¶ 8.) Specifically, they aver that Defendants falsely represented to Plaintiffs that North Central would purchase the Subject Property and re-develop it into condominiums and that it would be bought at a price below the market. (Id. at ¶ 8.)

111 Debt contends that it is the holder of a purchase money mortgage lien on the Subject Property. (111 Debt's Letter Brief ¶ 1.) 111 Debt further claims that the mortgage it holds secures a debt presently in excess of $24 million. (Id.) 111 Debt maintains that the mortgage is in default and that 111 Debt has been negotiating the sale of the loan to a third party for approximately $11 million, based on several factors including the believed present fair market value of the Property. (Id.)

On May 14, 2009, Plaintiffs recorded in the Office of the Clerk of Bergen County a Notice of Lis Pendens purporting to assert an interest in the Mortgaged Property. (Id. at ¶ 2.)

On June 25, 2009, 111 Debt's counsel wrote to Plaintiffs' counsel, Joshua Lichtenstein of Kim & Bae, P.C., demanding that the Lis Pendens be discharged of record. (Cert. in Support of 111 Debt's Letter Brief ¶ 2.)

On August 17, 2009, this Court granted in part Plaintiffs' request for preliminary injunction, ordering that no documents or papers relating to the current case may be destroyed or removed from this country. On July 15, 2009, 111 Debt filed a Complaint in the Superior Court of New Jersey, Chancery Division, Bergen County (Docket No. BER-C-224-09). That court entered an Order to Show Cause on July 27, 2009, which

directed that the Plaintiffs herein show cause why an order should not be entered directing the discharge of the Lis Pendens. (111 Debt's Letter Brief ¶ 3.) However, the Superior Court did not discharge the Lis Pendens in deference to this Court's rulings in the pending matter, specifically, the preliminary injunction entered on August 17, 2009. (Id.)

On September 21, 2009, 111 Debt filed with this Court an Application for Intervention and an Order to Show Cause why the Notice of Lis Pendens should not be discharged. The Court now reviews the merits of 111 Debt's application for intervention.

## STANDARD OF REVIEW

Rule 24(a)(2) of the Federal Rule of Civil Procedure gives a movant the right to intervene if the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Rule 24(a), 28 U.S.C.A.

Courts have held that a litigant seeking intervention as of right under Rule 24(a)(2) must establish: (1) a timely application for leave to intervene, (2) a sufficient interest in the underlying litigation, (3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and (4) that the existing parties to the action do not adequately represent the prospective intervener's interests. Kleissler v. United States Forest Service, 157 F.3d 964, 969 (3d Cir. 1998). "Each of these requirements must be met to intervene as of right." Mountain Top, 72 F.3d 361, 366 (3d Cir. 1995).

4

DISCUSSION

I. Timeliness

The trial court has discretion to determine whether a motion to intervene is timely based on the totality of the circumstances. N.A.A.C.P. v. New York, 413 U.S. 345, 366 (1973)). This inquiry "is essentially a test of reasonableness." F.T. Int'l, Ltd. v. Mason, No. 00-5004, 2003 Dist. LEXIS 7700, at *1 (E.D. Pa. May 2, 2003). Courts especially consider three factors in determining timeliness: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." Mountain Top, 72 F.3d at 369. Timeliness is not just a function of counting days; it is determined by the totality of the circumstances. See NAACP, 413 U.S. at 366.

Plaintiffs' main argument against allowing 111 Debt to intervene is that 111 Debt's application is untimely and prejudicial. (Pl.'s Letter Against 111 Debt's Intervention ¶ 1.) Plaintiffs argue that 111 Debt's application for intervention is untimely since "in an admitted attempt at forum shopping," they chose to raise their objections in the Superior Court of New Jersey and are coming to this Court only after being denied the same relief they are seeking from this Court. (Id.) Plaintiffs suggest that allowing 111 Debt to intervene would be prejudicial to them because 111 Debt would be asking the Judge to reconsider issues that he previously decided in the preliminary injunction hearing. (Id. at ¶2.) Plaintiffs contend that Judge Walls was "aware of the existence of a mortgage lender" with an "unrecorded deed in lieu of foreclosure," who "was attempting to negotiate the sale of the property subject to Plaintiff's Notice of Lis Pendens." (Id.) Plaintiffs argue that the Judge denied their

5

request to stay the transfer of the Subject Property in the preliminary injunction hearing because he found the Notice of Lis Pendens that Plaintiffs filed to be sufficient protection for the Plaintiffs. Plaintiffs point to portions in the transcript that indicates that the Judge did not grant Plaintiffs a more restrictive form of relief by relying on the Notice of Lis Pendens:

> Now, with regard to your desire for me, in effect, to stay the transfer of this property during the pendency of this case, I shall not do so because as far as I am concerned, your lis pendens that you represent that you have filed in the appropriate county is your sufficient security against the transfer of the property without an acknowledgement of what you may be entitled to.
>
> And, I stress, and I am really relying in great part upon your representation that you filed a lis pendens . . . . And so there is no need for me to do more than what I have done. (Trial Tr. August 4, 2009)

Having reviewed the record and considering the totality of the circumstances, the Court finds that 111 Debt's application to this Court is timely and does not unduly prejudice the Plaintiffs. That this matter is in the beginning stages of trial and the Court has thus far only ruled on preliminary injunctions favors 111 Debt's intervention. The Court also finds that Plaintiffs will not be prejudiced by 111 Debt's intervention because Plaintiffs will have an opportunity to explain why they are entitled to having the Lis Pendens. Assuming for the sake of argument that the Court discharges the Notice of Lis Pendens, it would mean that Plaintiffs were not entitled to filing such a Notice to begin with and are thus not unduly prejudiced by 111 Debt's intervention in the matter.

Furthermore, Plaintiffs are not prejudiced by 111 Debt's intervention since 111 Debt notified Plaintiffs of their objection to the filing of the Lis Pendens. As stated

previously, Plaintiffs filed the Notice of Lis Pendens on May 14, 2009. (Pl.'s Letter Against 111 Debt's Intervention ¶ 1.) Shortly after that, on June 25, 2009, counsel from 111 Debt wrote to Plaintiff's counsel, Joshua Lichtenstein of Kim & Bae, P.C., demanding that the Lis Pendens be discharged of record. (Cert. in Support of 111 Debt's Letter Brief ¶ 3.) Moreover, 111 Debt alleges that it has "repeatedly advised Plaintiff's counsel that the value of the Mortgage Property . . . is substantially less than the outstanding balance due on the Note, which is in excess of $24 million, and growing daily." (Id.) Since 111 Debt has taken reasonable steps to protect its interest, its application should not fail on timeliness grounds. See U.S. v. Alcan Aluminum, No. 93-1099, 1994 U.S. App. LEXIS 11952, at *15 (3d Cir. May 25, 1994); see also N.A.A.C.P., 413 U.S. at 367 (holding that where a party takes reasonable steps to protect its interest, its application should not fail on timeliness grounds.)

Finally, the Court finds that 111 Debt's delay in coming to this Court is reasonable since 111 Debt took reasonable steps in securing its interests by writing to Plaintiff's counsel and going to the Superior Court of New Jersey when it found out about the Notice of Lis Pendens. See U.S. v. Alcan Aluminum, Inc., 25 F.3d 1174, 1183 (1994).

II. Interest

While courts have not defined the interest required for mandatory intervention precisely, they have provided some general guidelines. "[A]n intervener's interest must be one that is significantly protectable. [This means that] the interest must be a legal interest as distinguished from interests of a general and indefinite character. The applicant must demonstrate that there is a tangible threat to a legally cognizable interest

to have the right to intervene." See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, 72 F.3d 361, 366 (1995).

In general, a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene. Id. In Mountain Top, the court explained that although "the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit does not ordinarily give the third party a right to intervene," the third party's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund. Id. Accordingly, if a party has a legally protectable interest that is directly affected by the present litigation, the party has the right to intervene.

In this matter, 111 Debt claims that its interest as the first mortgagee on the Subject Property will be directly affected by the litigation if it did not intervene in this matter. 111 Debt claims that on February 28, 2007, one of the Defendants, 2100 North Central Road, LLC, (the "Mortgagor"), executed and delivered a promissory note to CFA Capital Partners, LLC (the "Original Lender") in the original principal amount of $28 million. (111 Debt's Cert. in support of Order to Show Cause App. ¶ 1.) 111 Debt alleges that the Mortgagor used that money in order to acquire the Subject Property. (Id.) 111 Debt also claims that this Mortgage was duly recorded in the Office of the Clerk of Bergen County in Mortgage Book 16607 at Page 816 on March 6, 2007 and constitutes a first mortgage lien on the Mortgaged Property. (Id. at ¶ 1-2.) 111 Debt avers that on or about February 28, 2007, the Original Lender assigned the promissory note and Mortgage, and other related loan documents to 111 Debt, evidenced by an Assignment recorded on March 16, 2007 in the Office of the Clerk of Bergen County in Book 1405 at Page 385, et seq. (Id. at ¶ 2.)

Plaintiffs make no arguments against the sufficiency of 111 Debt's interest in intervention. The Court finds that 111 Debt has demonstrated that it has a legally cognizable interest because of its alleged first mortagee status on the Subject property.

III. Threat to Interest

111 Debt also meets the third requirement of mandatory intervention since it may suffer as the alleged first mortgagee unless it intervenes in the present litigation and discharges the Notice of Lis Pendens. 111 Debt claims that the Mortgagor has been in default on the Mortgage. (Id. at ¶ 3.) As such, 111 Debt maintains that it has been negotiating the sale of the loan to a third party for $11 Million. (Id.) 111 Debt further claims that it has been unable to consummate the sale of its loan as a result of the Defendants' recorded Lis Pendens, since the third party purchaser refuses to close while the Lis Pendens remains of record unless a significant price reduction is granted by 111 Debt. (Id. at ¶ 3.) Moreover, 111 Debt claims that "the Note and Mortgage serve as a collateral for a financing facility to which 111 Debt is a party with an outstanding balance of $80 million," and that "the sale of the Note and Mortgage is an integral component to 111 Debt satisfying its obligations under the financing facility." (Id. at ¶ 4.) The Court finds that 111 Debt has sufficiently shown that there is a tangible threat to its legally cognizable interest in the present litigation by virtue of its alleged inability to sell its loan to a third party without a significant price reduction because of the Notice of Lis Pendens filed by Plaintiffs.

IV. Adequacy of Representation by Existing Parties

111 Debt's interests are not adequately represented by any of the existing parties because its interests as the alleged first mortgagee are distinct from the interests of the

Mortgagor, who has defaulted on the loan.

## CONCLUSION

Plaintiff's application for intervention is granted pursuant to Rule 24(a) of the Federal Rules of Civil Procedure.