

**KIM & BAE, P.C.**
ATTORNEYS AT LAW

2160 North Central Road, Suite 303    110 East 59th Street, 22nd Floor
Fort Lee, NJ 07024                     New York, NY 10022

201.585.2288   201.585.2246            212.319.8888   212.319.7519    *Please reply to New Jersey office

Via ECF and first class mail

October 21, 2013

The Honorable William H. Walls, U.S.D.J.
Martin Luther King, Jr. Federal Building and
United States Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:  **Kyungsun Yu, et al v. 2100 North Central, et al.**
     **Civil Action No. 09-1853 (WHW)(CCC)**
     **Our Matter No: 2376**

Dear Judge Walls:

This firm represents Plaintiffs in the above-referenced action. Plaintiffs respectfully withdraw their motion to reinstate the above-referenced action (the "Action") and also respectfully request that the withdrawal be without prejudice. I notified the Court earlier today orally of our intention to make this withdrawal.

Plaintiffs' motion to reinstate the Action was based on a good-faith belief, obtained shortly before the motion to reinstate was filed, that certain defendants, and particularly defendant Robert Lee and/or the entities he controls (the "Robert Lee Defendants"), had recently gained control or ownership of the premises that are the principal subject of the Action, namely 2100 North Central Road, Fort Lee, New Jersey (the "Premises"). Defendants' ownership of the Premises is relevant in two respects. First, Plaintiffs believed at the time the Action was placed on hold, and still believe, that, but for an ownership interest in the Premises held by the Robert Lee Defendants, the Robert Lee Defendants would evade this Court's judgment, and enforcement of any such judgment would be impractical if not impossible. Second, at the time Plaintiffs consented to place the Action on hold, Plaintiffs did so with the understanding that ownership of the Premises was highly relevant to the Action. Indeed, the "state court proceedings" referenced in the Order placing this case on hold (see Document 111) were litigation concerning the ownership of the Premises.

Even more recently, however, Plaintiffs obtained information that undermines the credibility of the information upon which the motion to reinstate was based. This information suggests that neither the Robert Lee Defendants nor any other defendant currently has an interest in or control over the Premises. Although this information does not completely nullify Plaintiffs' previous information concerning the Robert Lee Defendants' acquisition of an interest in the Premises, it does appear to significantly outweigh it, to the point where Plaintiffs believe that continuing to pursue the Action would constitute an improvident use of the resources of the parties and of this Court.

Accordingly, Plaintiffs respectfully withdraw their motion and, in addition, respectfully request that the withdrawal be without prejudice.

I spoke to Seoung Lim, Esq., counsel for defendant Jhin U. Rhi, who has consented to this arrangement. The other parties have not responded to the pending motion and are currently pro se.

Thank you for the Court's time and attention.

                                Respectfully submitted,
                                KIM & BAE, P.C.
                                *Attorneys for Plaintiffs*

                                Peter Melamed

cc:    Seoung Y. Lim, Esq. (via ECF)
        Robert Y. Lee (via certified and first class mail)
        Justin Park (via certified and first class mail)
        Daniel Moon (via certified and first class mail)

So Ordered:

31 Oct 2013